B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Ilene F. Goldstein, not individually, but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand | Nicole Elizabeth Zilberbrand |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Paul M. Bauch, Carolina Y. Sales, Justin R. Storer Lakelaw, 53 W. Jackson Street, Suite 1115, Chicago, IL 60604 (312) 360-1501 | Bankruptcy counsel Jeffrey C. Dan, Crane, Simon, Clar & Dan, 135 S. Lasalle St, Ste. 3705, Chicago, IL 60603 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor    □ Other<br>□ Trustee | ■ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

- Denial of dischargeability under 11 U.S.C. 523(a)(2) of debts owed pursuant to 11 U.S.C. 544, 548, 550;
- Denial of discharge under 727(a)(4)(A)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
2, 3   ■ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
1   ■ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Nicole Elizabeth Zilberbrand | BANKRUPTCY CASE NO.<br>19-18655 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Goldgar |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Paul M. Bauch | | |
| DATE<br>10/3/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paul M. Bauch | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 19-18655** |
| **Nicole Elizabeth Zilberbrand,** | ) | **Honorable A. Benjamin Goldgar** |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |
| | ) | |
| | ) | **Case No. 19 AP _____** |
| **Ilene F. Goldstein, not individually, but** | ) | |
| **as chapter 7 Trustee for the Estate of** | ) | |
| **Jason Lewis Zilberbrand,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **Nicole Elizabeth Zilberbrand,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND TO OBJECT TO DISCHARGE

Ilene F. Goldstein, not individually, but as chapter 7 Trustee for the Estate of Jason Lewis Zilberbrand, ("Plaintiff" or "Trustee"), a creditor of the bankruptcy estate of Nicole Elizabeth Zilberbrand ("Debtor" or "Defendant"), for her complaint to determine the dischargeability of debt owed to her by the Defendant and to object to the Defendant's discharge, now states:

### PARTIES, JURISDICTION AND VENUE

1.     On July 1, 2019, Defendant filed a petition for relief under chapter 7 of the Bankruptcy Code.

2.     The United States District Court for Northern District of Illinois has jurisdiction over this case under 28 U.S.C. § 1334(a) as a proceeding to determine the dischargeability of a debt and a proceeding to object to a debtor's discharge arises under title under title 11.

3.     Pursuant to Local Rule 15(a) of the United States District Court for Northern District of Illinois, all bankruptcy cases and all proceedings that arise under title 11 have been

referred, as permitted by 28 U.S.C. § 157, to the United States Bankruptcy Court for Northern District of Illinois.

4.      Under 28 U.S.C. § 157(b)(2)(A), (I), and (J), the matter raised in this complaint are core proceedings.

5.      Under Federal Rules of Bankruptcy Procedure 7001(4) and 7001(6), a proceeding to object to a discharge, and a proceeding to determine the dischargeability of a debt, are adversary proceedings.

6.      Venue over a proceeding arising under title 11 is proper in this district under 28 U.S.C. § 1409(a).

## FACTS

7.      On February 13, 2017, the Defendant's husband, Jason Lewis Zilberbrand ("Jason"), filed a petition for relief under chapter 7, commencing case 17-04034 in the Northern District of Illinois Bankruptcy Court.

8.      Plaintiff is the permanent trustee of Jason's estate.

9.      On February 11, 2019, Trustee filed an adversary complaint against Nicole Zilberbrand as adversary number 19-ap-00092 in the United States Bankruptcy Court for the Northern District of Illinois (the "Complaint"). A copy of the Complaint is attached hereto and incorporated herein as Exhibit A.

10.     The Complaint sought the avoidance of actual and constructive fraudulent transfers that Jason had made to Nicole as part of an "asset protection scheme" pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (a)(1)(B), and under Illinois Uniform Fraudulent Transfer Act, as incorporated into the Trustee's "strong-arm" powers pursuant to 11 U.S.C. § 544(a). Plaintiff's complaint further sought the recovery of avoided transfers pursuant to 11 U.S.C. § 550.

11.     The fraudulent transfers that Jason made to the Defendant included:

   i.   One-half of the interest of a Merrill Lynch account, which one-half interest had

        a value of approximately $99,500;

   ii.  A November 30, 2016 transfer of $21,000 from the Merrill Lynch account;

   iii. A December 12, 2016 transfer of $12,000 from the Merrill Lynch account;

   iv.  A January 18, 2017 transfer of $32,500 from the Merrill Lynch account;

   v.   A January 25, 2017 transfer of $13,000 from the Merrill Lynch account; and

   vi.  No less than $21,405.20 to Audi Financial to fund the Defendant's automobile

        lease.

12.     Defendant failed to answer or otherwise plead in response to the Complaint and the

factual allegations of the Complaint, alleging that Defendant's status as the initial transferee of and

participant in the fraudulent transfers, were deemed admitted, pursuant to Federal Rule of Civil

Procedure 8(b)(6).

13.     On April 16, 2019, this Court entered an order of default and a default judgment

against the Defendant. A copy of those orders are attached hereto and incorporated herein as

Exhibit B.

14.     On May 29, 2019, the Plaintiff issued Nicole a citation to discover assets.

15.     Prior to appearing or responding with respect to the citation to discovery assets, the

Defendant filed her chapter 7 bankruptcy petition.

### COUNT I: SECTION 523(A)(2) DETERMINATION OF DISCHARGEABILITY

16.     The Plaintiff reasserts and realleges paragraphs 1 through 15 above, as if fully

stated herein.

17.     Pursuant to 11 U.S.C. § 523(a)(2), a discharge under 11 U.S.C. § 727 does not discharge a debt incurred due to false pretenses, false representation, or actual fraud.

18.     The Defendant engaged in "actual fraud" by participating in the fraudulent transfer schemes described in the Complaint and determined by the entry of the Judgment.[1]

19.     The Defendant received the fraudulent transfers with the with the actual intent to delay, hinder and defraud creditors of Jason, and a Judgment which is "traceable to" the fraudulent transfers is excepted from discharge in this case.[2]

20.     The Defendant had notice of the Plaintiff's complaint against her.

21.     The Defendant could have defended against the Plaintiff's complaint against her.

22.     Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were, or could have been, litigated in a prior action.[3]

**WHEREFORE** the Plaintiff requests that this Court enter judgment in her favor and against the Defendant on Count I as follows: (i) declare that the Judgement and claims represented therein are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2); and (ii) grant such other and further relief as the Court deems just and equitable.

### COUNT II: SECTION 727(A)(4)(A) OBJECTION TO DISCHARGE

23.     The Plaintiff reasserts and realleges paragraphs 1 through 22 above, as if fully stated herein.

---

1. *Husky International Electronics, Inc. v. Ritz*, 136 S.Ct.1581 (2016).
2. *Id.* at 1589, citing *McClellan v. Cantrell*, 217 F.3d 890 (7th Cir. 2000).
3. *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir. 1994), *Riehle v. Margolies*, 279 U.S. 218, 225 (1939).

24.     Section 727(a)(4)(A) provides that a debtor under title 11 shall be granted a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case […] made a false oath or account."

25.     Section 727(c)(1) specifies that a creditor may object to the granting of a discharge under 11 § U.S.C. 727(a).

26.     On July 1, 2019, contemporaneously with filing her bankruptcy petition, Nicole Zilberbrand filed a statement of financial affairs.

27.     Question 4 on the statement of financial affairs required the Defendant to disclose income from employment or from operating a business during the year of filing, and the past two calendar years, "from all jobs and all businesses, including part-time activities."

28.     In her response, Defendant listed her income for calendar year 2017 at $53,000.00.

29.     In her 2017 United States Income Tax Return, schedule C, Defendant disclosed her 2017 income in the amount of $97,000.00. She also disclosed her "Principal business or profession: Consultant."

30.     At a deposition relating to a state court domestic relations matter of Jason's, on January 11, 2019, when asked how she earned $97,000 in 2017 attendant to the sale of an airplane, Defendant testified "I was referred to some leads by Jason." She later testified "I was just assisting in paperwork." In due course, in response to the question "So you earned $97,000; right?" the defendant answered "Yes."

31.     Also on question 4 of the statement of financial affairs, Defendant listed her income for calendar year 2018 at $0.00.

32.    At the deposition referenced in paragraph 30, above, when asked "Did you earn money in 2018 handling paperwork – " the defendant interjected "Yes." before the question concluded "– for the sale of an airplane?"

33.    The Defendant's deposit account statements reflect a June 22, 2018, deposit of $63,294.80, which was a commission earned with respect to the sale of an aircraft.

34.    At a January 24, 2019 continued deposition, conducted with respect to the same state court domestic relations matter, the Defendant asserted her Fifth Amendment privilege regarding the 2017 and 2018 aircraft transactions referenced above.

35.    With reference to the 2017 transaction, her attorney stated that "she's going to assert her fifth amendment privilege regarding any questions regarding the transaction of the airplane."

36.    With reference to the 2018 transaction, her attorney recited "I am instructing you you have the right to assert your fifth amendment privilege." The Defendant proceeded to do so, as she was queried about "what the [2018] transaction was for," how many forms she filled out, whether there were more than ten forms, the forms' intended use, whom she was employed by at the time of the 2018 transaction, who hired her to conduct that transaction, and how long the process took.

37.    Given the voluminous litigation of the past few years, relating to the Defendant's and her husband's financial affairs, the Defendant's omissions of her income on her statement of financial affairs were knowing and fraudulent false oaths.

**WHEREFORE** the Plaintiff requests that this Court enter judgment in her favor and against the Defendant on Count II as follows: (i) deny the Defendant's discharge pursuant to

11 U.S.C. § 727(a)(4)(A); and (ii) grant such other and further relief as the Court deems just and

equitable.

### COUNT III: SECTION 727(A)(4)(A) OBJECTION TO DISCHARGE

38.     The plaintiff reasserts and realleges paragraphs 1 through 37 above, as if fully stated

herein.

39.     Question 5 on Nicole Zilberbrand's July 1, 2019 statement of financial affairs asks

if she received any other income during the year of filing, or the previous two calendar years.

40.     The Defendant marked "no," signaling that she did not receive any income from

any other source, in 2019, 2018, or 2017.

41.     As recited in paragraph 11, above, the Defendant received no less than $45,500.00

in transfers from the Merrill Lynch account in the year 2017.

42.     Again, given the voluminous litigation of the past few years, relating to the

Defendant's and her husband's financial affairs, the Defendant's omission of her non-wage income

from her statement of financial affairs was a knowing and fraudulent false oath.

**WHEREFORE** the Plaintiff requests that this Court enter judgment in her favor and

against the Defendant on Count III as follows: (i) deny the Defendant's discharge pursuant to

11 U.S.C. § 727(a)(4)(A); and (ii) grant such other and further relief as the Court deems just and

equitable.

*(signatures on page following)*

Dated:  October 3, 2019

**Ilene F. Goldstein, not individually, but as chapter 7 Trustee of the estate of Jason Lewis Zilberbrand**

By:   */s/ Paul M. Bauch*
           *One of the Plaintiff's Attorneys*


Paul M. Bauch (ARDC #6196619)
Carolina Y. Sales (ARDC #6287277)
Justin R. Storer (ARDC #6293889)
Lakelaw
53 W. Jackson Street, Suite 1115
Chicago, IL 60604
Phone: (312) 360-1501
pbauch@lakelaw.com